IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brian Valentine,                      Case No. 4:11 CV 1917

        Petitioner,            MEMORANDUM OPINION
                                            AND ORDER

    -vs-
                                           JUDGE JACK ZOUHARY

Robert L. Farley, Warden

        Respondent.

## INTRODUCTION

*Pro se* Petitioner Brian Valentine filed this action for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is in federal custody at the Federal Correctional Institution in Elkton, Ohio, names Warden Robert Farley as Respondent. Petitioner seeks fuller access to legal materials, commissary privileges, religious services, and educational programming while housed in the facility's Special Housing Unit ("SHU"). For the reasons set forth below, the Petition is denied.

## BACKGROUND

Petitioner was placed in the SHU in May 2011. He alleges his placement there was improper because he does not meet the criteria for SHU placement set forth in 28 C.F.R. §§ 541.22(a) and 541.23(c)(1)–(2). Petitioner also claims he filed grievances in July and August 2011, both of which went unanswered. According to Petitioner, he has not been reviewed by a segregation review officer since his placement in the SHU (Doc. No. 1 at 4).

Petitioner complains his access to legal materials is limited while at the SHU, and argues he is not permitted to attend religious services. Petitioner further contends his use of the commissary is restricted to hygiene purchases, and implies his detention in the SHU may have resulted from a

"falsified request for transfer . . . generated under respondent[']s supervision." (Doc. No. 1 at 5). As relief, Petitioner seeks full access to the privileges to which he was entitled in the general prison population.

### STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

### DISCUSSION

The Petition is subject to dismissal for two reasons. First, to the extent Petitioner is challenging the conditions of his confinement, a petition for a writ of habeas corpus under Section 2241 is not the proper vehicle. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Certainly, where a prisoner challenges the very fact or duration of his imprisonment and seeks immediate release, or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas. *Id.* at 500. On

the other hand, habeas is not available to prisoners who, like Petitioner, complain only of mistreatment during their legal incarceration. *See, e.g.*, *Cook v. Hanberry*, 592 F.2d 248, 248 (5th Cir. 1979). This is because complaints involving only conditions of confinement "do not relate to the legality of [a] petitioner's confinement, nor do they relate to the legal sufficiency of the criminal court proceedings which resulted in the incarceration of the petitioner." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007) (quotation omitted). A state inmate therefore should bring a claim challenging the conditions of confinement under 42 U.S.C. § 1983. A federal inmate, like Petitioner, should bring such an action pursuant to the *Bivens* doctrine. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Here, claims by Petitioner that prison officials improperly placed him in the SHU, and limited his access to legal materials, religious services, and the use of the prison commissary, are civil rights claims not cognizable on habeas review. *Preiser*, 411 U.S. at 484. The entire Petition focuses on changes in the condition of Petitioner's confinement since being placed in the SHU -- his claims have no bearing on the length or duration of his imprisonment. Because challenges like these are best addressed in a civil rights action under *Bivens*, Petitioner is not entitled to habeas relief. *See Preiser*, 411 U.S. at 499 (holding habeas review is inappropriate for claims regarding conditions of confinement); *see also Hernandez-Pineda v. Lappin*, 2011 WL 6318514, at *3 (N.D. Ohio 2011) ("Claims exclusively requesting relief based on the conditions of one's confinement must be filed as civil rights complaints . . . .").

Second, Petitioner fails to show Defendant violated his constitutional rights. Petitioner claims he was detained in violation of 28 C.F.R. §§ 541.22 and 541.23. Those regulations, however, simply identify the "who, what and why" of administrative detention. Even if these regulations were not

3

strictly followed, Petitioner would not be entitled to habeas relief because prisoners have no constitutional right to remain free from administrative detention. *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983).

Prisoners, however, do have a constitutional right to not be deprived of a protected liberty interest without due process. *See, e.g.*, *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986). But, nothing in the record demonstrates Petitioner was deprived of a liberty interest when placed in the SHU. Petitioner is neither in disciplinary segregation, nor has he alleged the loss of good time credits or an otherwise protected liberty interest. Simply put, there is no indication Petitioner was denied due process.

## CONCLUSION

For the foregoing reasons, the Petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

             s/ *Jack Zouhary*
             JACK ZOUHARY
             U. S. DISTRICT JUDGE

             March 16, 2012